UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TONYA MURPHY, et al., | No. C 15-00399 LB |
| Plaintiffs, | **ORDER TO REASSIGN CASE TO A DISTRICT JUDGE** |
| v. | |
| JP MORGAN CHASE, et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiffs Tonya Murphy and Samuel Smith filed this action against Defendants JP Morgan Chase and National Default Servicing on January 28, 2015. (*See* Complaint, ECF No. 1.[1]) Plaintiffs assert that the court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331 and bring against Defendants claims for harassment and abuse in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d, and for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. (*See id.* at 1-4.) Plaintiffs' claims allegedly relate to Defendants' actions with respect to Plaintiffs' property and home at 929 Bess Place in Stockton, California, which is located in San Joaquin County.

Generally, actions arising out of disputes occurring in San Joaquin County, however, are to be maintained within the Eastern District of California, and Plaintiffs do not otherwise allege why this

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

ORDER; REPORT AND RECOMMENDATION
C 15-00399 LB

action should be maintained here, in the Northern District of California.  *See* E.D. Cal. L.R. 120 ("All civil and criminal actions and proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of California arising in . . . San Joaquin . . . count[y] shall be commenced in the United States District Court sitting [in] Sacramento, California, . . . .).

28 U.S.C. § 1406(a), explains that when there is "a case laying venue in the wrong division or district[,]" the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992).  Courts in this district have found transfer to be justified where dismissal would simply promote extra expense and delay because of a likelihood that the case will be refiled in another district.  *See*, *e.g.*, *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F.Supp.2d 855 (N.D. Cal. 2010); *Citizens for a Better Env't–California v. Union Oil Co. of California*, 861 F.Supp. 889, 898 (N.D. Cal. 1994) *aff'd*, 83 F.3d 1111 (9th Cir. 1996).  This court believes that transfer, rather than dismissal, is appropriate here, as Plaintiffs allege a federal claim and assert federal question subject-matter jurisdiction.

The parties have neither consented nor declined the undersigned's jurisdiction.  For the reasons stated above, the court **ORDERS** that this action be reassigned to a district judge and **RECOMMENDS** that the newly assigned district court judge transfer the action to the United States District Court for the Eastern District of California.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the district court.

**IT IS SO ORDERED.**

Dated: February 3, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER; REPORT AND RECOMMENDATION
C 15-00399 LB